UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE M. POTTS,

        Petitioner,

v.                                                    Case No. 05-73341
                                                     Honorable Arthur J. Tarnow

MARY K. BERGHUIS,

        Respondent,

_____/

## OPINION AND ORDER DENYING PETITIONER'S
## PETITION FOR WRIT OF HABEAS CORPUS

I. Introduction

Petitioner Dwayne M. Potts has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. In his application, Petitioner contends that his constitutional rights were violated when his 1978 and 1992 sentences were not terminated when new sentences were imposed for crimes committed in 1980, while on escapee status, and in 1993, while incarcerated. Respondent has filed a response to the petition, contending that Petitioner's rights have not been violated because Petitioner has failed to demonstrate that he is being held beyond the expiration of his maximum sentences.

In reviewing the pleadings in this matter, the Court notes that, at the time of writing this opinion, Petitioner has been on parole status from his Michigan Department of Corrections placement, beginning March 22, 2006. *See* Offender Tracking Information System ("OTIS") Offender Profile. Petitioner's supervision discharge date is August 17, 2009. For the reasons

stated below, Petitioner's request for habeas relief is denied and his petition for a writ of habeas corpus is dismissed.

## II. Facts

On July 31, 1978, the Wayne County, Michigan, Circuit Court sentenced Petitioner to three-to-fifteen-years imprisonment for breaking and entering. On November 26, 1978, Petitioner escaped from the Corrections Center and, while an escapee, on January 24, 1980, Petitioner was charged with an attempted breaking and entering and sentenced, again, by the Wayne County Circuit Court to three-to-five-years imprisonment. Because Petitioner was on escapee status, his sentence was required to be served consecutively.

While incarcerated for the second time, on July 24, 1989, Petitioner was charged with the offense of "prisoner in possession of contraband," to which he pleaded guilty and received a one-year sentence.

Then, on April 14, 1992, Petitioner was paroled. Subsequently, on October 5, 1992, Petitioner was charged with the offense of possession with intent to deliver less than fifty grams of cocaine, in violation of MICH.COMP.LAWS § 333.7401(2)(a)(5). On July 11, 1993, Petitioner was sentenced to one-to-four-years imprisonment for the possession-with-intent-to-deliver conviction. That sentence was ultimately vacated. However, in regard to that charge, Petitioner pleaded guilty to being a habitual offender–fourth, MICH.COMP.LAWS § 769.12, and was sentenced to one-to-fifteen-years imprisonment, the sentence to be served consecutively to his prior sentences.

Following, while incarcerated again, Petitioner was charged with being in possession of a controlled substance–prison contraband, and he was sentenced to two-to-five-years imprisonment, again to be served consecutively to the other sentences being served.

Subsequently, Petitioner petitioned the Muskegon County, Michigan, Circuit Court for a writ of habeas corpus on the ground that he was illegally incarcerated beyond the expiration of his sentences. The Muskegon County Circuit Court reviewed Petitioner's sentencing records and found that the Department of Corrections had accurately complied with Michigan law in computing Petitioner's sentence and that he was not illegally imprisoned and, therefore, denied his petition for state habeas corpus on May 2, 2005. *Potts v. Berghuis*, No. 04-53833-AH (Muskegon County Circuit Court, May 2, 2005).

Petitioner then filed an appeal with the Michigan Court of Appeals, raising the following issues:

I. [Petitioner's] confinement and restraint of liberty is illegal and unconstitutional in violation of the Michigan statutory laws; Michigan Department of Corrections Policy Directives; *Gagnon v. Scarpelli*, 411 U.S. 778 (1972); *Morrissey v. Brewer*, 408 U.S. 471 (1972); the Michigan Constitution; the Fifth and Fourteenth Amendments to the United States Constitution.

II. [Petitioner's] right to a preliminary parole violation was violated when the [Respondents] failed to provide the hearing within 10 days of the date of arrest to determine whether there was probable cause to believe that the [Petitioner] had violated the conditions of his parole required by Michigan statutory law in violation of the [Petitioner's] right to the due process of law.

III. [Petitioner's] right to a fact-finding parole violation hearing was violated when the [respondents] failed to provide the hearing within 45 days of the date he became available and returned to prison required by Michigan statutory law in violation of the [Petitioner's] right to the due process of the law.

IV. [Petitioner's] right to a mitigation parole violation hearing was violated when the [Respondents] denied the [Petitioner] the right to present witnesses, documentary evidence, the right to confront and cross-examine adverse witnesses, and the right

> to have an attorney present required by state law in violation of the [Petitioner's] right to the due process of the law.

> V. [Respondents] deprived the [Petitioner] the right to liberty when he was arrested on November 21, 2000, and without any prior notice of any hearing or a hearing of any kind, the [Petitioner] was returned to prison and placed in a maximum security prison as an alleged parole violator based solely upon accusations and allegations that he allegedly violated the conditions of his parole and that his liberty was terminated without any prior notice of hearing and was deprived for 21 days after he was returned without any prior notice or hearing in violation of the Michigan Constitution and both the Fifth and Fourteenth Amendments to the United States Constitution to the due process clause.

> VI. [Respondents] also violated the United States Supreme Court's mandatory requirements in *Gagnon v. Scarpelli*, 411 U.S. 778 (1972); *Morrissey v. Brewer*, 408 U.S. 471 (1972), to the right to a preliminary hearing, the right to a fact-finding revocation hearing and the right to a mitigation hearing where the [Petitioner] was entitled to the right to present evidence in mitigation of the alleged parole violation under the [Petitioner's] right to the due process of the law.

The Michigan Court of Appeals initially dismissed Petitioner's complaint for habeas corpus because he failed to demonstrate that the lower court had refused to issue the writ. *Potts v. Dep't of Corrections*, No. 235319 (Mich.Ct.App. Sept. 6, 2001). Petitioner attempted to file a second application for leave to appeal but the Michigan Court of Appeals dismissed that attempt because he failed to remit his outstanding fee from his previous appellate-court filing. *Potts v. Dep't of Corrections*, No. 262846 (Mich.Ct.App. June 15, 2005). Subsequently, on August 11, 2005, the Michigan Supreme Court rejected Petitioner's delayed application for leave to appeal as being untimely.

Petitioner filed the pending petition for a writ of habeas corpus on August 30, 2005. Petitioner has alleged three claims, which are difficult to discern and appear to amalgamate into one claim. Basically, Petitioner is asserting the following:

I. [Whether] Petitioner, based on the United States Supreme Court's decision in *Carter* [*v. McClaughry*, 183 U.S. 365 [1902], [is] entitled to the expiration of the 1978 and 1992 sentences, when his 1980 and 1993 sentences began to run for felonies committed while incarcerated[,] pursuant to M.C.L. 768.7a(1); M.S.A. 28.1030(1)(1) and the United States Supreme Court mandate and pursuant to the due process of law.

Respondent filed its answer on February 3, 2006, stating that Petitioner is not entitled to habeas relief on this claim because he has failed to establish that he is being held beyond the expiration of his maximum sentences.

On December 5, 2005, the Michigan Department of Corrections granted Petitioner parole, for release on March 22, 2006. Petitioner's supervision discharge date is August 17, 2009. As of this date, Petitioner remains on parole.

### III. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

-5-

or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

Petitioner must therefore demonstrate that the Muskegon County Circuit Court's decision was contrary to or involved an unreasonable application of existing federal law.

## IV. Argument

Petitioner contends that, when he was sentenced in 1993, all of his previous sentences should have been terminated.[1] However, because his sentences were imposed consecutively, Petitioner's interpretation of the time that he is required to serve is in error.

The Muskegon County Circuit Court's decision, the last court to issue a reasoned decision in this case, stated in pertinent part:

---

[1] Although Petitioner did not raise his claims in state court, Respondent does not contest the omission, and it appears that a prisoner's right to appeal parole decisions has been eliminated. *See* MICH.COMP.LAWS § 791.234(9); Staff Comment to 2000 Amendment to M.C.R. 7.104(D). The Court deems Petitioner's claims exhausted because there "is an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i). Alternatively, Respondent does not contend Petitioner has failed to exhaust state-court remedies and the habeas statute does not require the exhaustion of meritless claims. 28 U.S.C. § 2254(b)(2). Therefore, this Court shall not require Petitioner to make attempts to exhaust in state court the claims now before this Court. *But see*, *Matson v. Michigan Parole Board*, 175 F.Supp.2d 925, 930 (E.D.Mich. 2001) (Cohn, J.) (holding that, because prisoner may be able to challenge denial of parole pursuant to Section 631 of the Revised Judiciary Act and the state courts may consider a claim that the amendment to § 791.234 is unconstitutional, prisoner's habeas challenge to parole denial was unexhausted, requiring dismissal without prejudice).

> Petitioner, Dwayne M. Potts, a prisoner confined in the Michigan
> Department of Corrections, petitions the Court for a writ of habeas corpus on the
> grounds that he is being illegally held in prison after the expiration of his
> sentences. Petitioner asserts, and the record confirms, that petitioner has received
> the following prison sentences:
>
> | | |
> |---|---|
> | July 31, 1978 | 3 to 15 years |
> | April 22, 1980 | 3 to 5 years |
> | October 5, 1992 | 1 to 15 years |
> | July 11, 1993 | 2 to 5 years |
>
> The record is uncontroverted that all sentences were to be served consecutively.
> MCL 791.234(3) provides that, when consecutive sentences are imposed, "the
> maximum terms of the sentences shall be added to compute the new maximum
> term under this subsection, and discharge shall be issued only after the total of the
> maximum sentences ha[ve] been served less good time and disciplinary credits,
> unless the prisoner is paroled and discharged upon satisfactory completion of the
> parole." The Michigan Department of Corrections has accurately complied with
> the provisions of this statute in computing petitioner's special good[-]time
> maximum outdate as August 31, 2016, and his regular good[-]time maximum
> outdate as August 2, 2017. Thus, petitioner is not being illegally held in prison,
> and pursuant to MCR 3.303(D)(1), the petition for a writ of habeas corpus is
> **denied**.
>
> **It Is So Ordered.**

*Potts v. Berghuis*, No. 04-53833-AH, slip op. at 1-2.

In Michigan, when consecutive sentences are imposed,

> the maximum terms of the sentences shall be added to compute the new maximum
> term under this subsection, and discharge shall be issued only after the total of the
> maximum sentences has been served less good time and disciplinary credits,
> unless the prisoner is paroled and discharged upon satisfactory completion of the
> parole.

MICH.COMP.LAWS § 791.234(3). In order to support his argument, Petitioner relies on the 1902

United States Supreme Court case, *Carter*, *supra*. In *Carter*, the Supreme Court held that, in a

habeas corpus proceeding, a civil court may not revise a sentence imposed on a soldier by

military authorities after his conviction by court-martial, on the ground that the sentence is

arbitrarily severe. *Carter*, 183 U.S. at 401. *Carter* does not stand for the proposition that consecutive sentences are to be terminated if interrupted, as Petitioner would like this Court to hold.

The Fourteenth Amendment to the United States Constitution does not guarantee state prisoners a particular method of calculating prison sentences. "[I]t is true that the Due Process Clause does not require a hearing 'in every conceivable case of government impairment of private interest.'" *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (quoting *Cafeteria & Restaurant Workers v. McElroy*, 367 U.S. 886, 894 (1961)). The United States Supreme Court has repeatedly held that state statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment. However, the Supreme Court has held that there is no "constitutional or inherent right" to parole, *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979), but once a State grants a prisoner the conditional liberty properly dependent on the observance of special parole restrictions, due process protections attach to the decision to revoke parole. *Morrissey*, 408 U.S. at 489. The same is true of the revocation of probation.

In *Wolff*, 418 U.S. at 571-572, the Supreme Court held that a state-created right to good-time credits, which could be forfeited only for serious misbehavior, constituted a liberty interest protected by the Due Process Clause. The Supreme Court also noted that the same reasoning could justify extension of due process protections to a decision to impose "solitary" confinement because "[it] represents a major change in the conditions of confinement and is normally imposed only when it is claimed and proved that there has been a major act of misconduct." *Id.* at 571-572, n. 19. Once a State has granted prisoners a liberty interest, the

Supreme Court has held that due process protections are necessary "to insure that the state-created right is not arbitrarily abrogated." *Id.* at 557; *See also Vitek v. Jones*, 445 U.S. 480, 488-489 (1980).

Here, the Petitioner has failed to establish that he is being held beyond the expiration of his maximum sentences. Under Michigan law, a prison sentence for a crime committed while on parole must be served consecutively to the sentence for which the prisoner was on parole. MICH.COMP.LAWS § 768.7a. In calculating sentences imposed consecutively, Michigan law states:

> If a prisoner other than a prisoner subject to disciplinary time is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner fro purposes of parole when the prisoner has served the total time of the added minimum terms, less the good time and disciplinary credits allowed by statute. The maximum terms of the sentences shall be added to compute the new maximum term under this subsection, and discharge shall be issued only after the total of the maximum sentences have been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole.

MICH.COMP. LAWS § 791.234(3).

Petitioner argues that his federal constitutional rights have been violated, thereby entitling him to habeas relief, because he is being held beyond the expiration of his maximum sentences. Petitioner is mistaken. Any error, in this case, is at most is a state-law error, and does not rise to the level of a constitutional violation. Moreover, federal habeas relief is not available for correction of state-law errors. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). *See also*, *Pulley v. Harris*, 465 U.S. 37, 41(1984); *Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir.) (concluding that violation of state law is not cognizable in federal habeas corpus proceedings), *cert. denied*, 525 U.S. 1025 (1998). A violation of state

law is only cognizable in federal habeas corpus where the error rises to the level of a denial of fundamental fairness. *Matlock v. Rose*, 731 F.2d 1236, 1242 (6th Cir.1984). Petitioner's claim does not rise to the level of a denial of fundamental fairness. Therefore, Petitioner is not entitled to habeas relief on this claim.

V. Conclusion

For the reasons stated above, this Court concludes that Petitioner is not entitled to federal habeas relief on the claim presented in his petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: June 11, 2008


I hereby certify that a copy of the foregoing document was served upon counsel of record on June 11, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary